**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:23-CV-62163-SMITH/AUGUSTIN-BIRCH**

**FARRAH MARIE FRIONA,** *et al.*,

      **Plaintiffs,**

**v.**

**MOISES ISSA and ROBERT ISSA,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION TO
APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE**

This cause comes before the Court on the parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice. DE 47. The Honorable Rodney Smith, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge. DE 18. The Court has carefully considered the Joint Motion and the record and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS** that the Joint Motion be **GRANTED**, that the parties' Settlement Agreement be **APPROVED**, and that this case be **DISMISSED WITH PREJUDICE**.

Plaintiffs Farrah Friona, Robert Reynolds, and Kristina Occean filed this action against Defendants Moises and Robert Issa, their former employers, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them their full and proper minimum wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff Friona will receive $1,189.20 for unpaid wages and liquidated damages, Plaintiff Reynolds will receive $1,884 for unpaid wages and liquidated damages, Plaintiff Occean will receive $1,008 for unpaid wages and

liquidated damages, and Plaintiffs' counsel will receive $10,918.80 for fees and costs. DE 47-1 at 1–2.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties discuss the *Leverso* factors for the Court. First, the parties state that they are represented by counsel experienced in litigating claims under the FLSA and that their counsel believe the settlement is fair and reasonable. DE 47 at 3, 5. Second, the parties note that if they were to continue litigating this matter, they would be required to engage in extensive and expensive trial preparation. *Id.* at 5. Therefore, the parties maintain that their settlement minimizes future risks and litigation costs. *Id.* Third, the parties assert that there has been a sufficient investigation and exchange of information to permit the parties to make an educated and informed analysis about the relative strengths and weaknesses of their positions. *Id.* Lastly, the parties agree that Plaintiffs' counsel's attorney's fees are reasonable, seeing as they were negotiated separately and not in relation to a portion of Plaintiffs' recovery. *Id.* As such, the parties maintain that the settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims.

The Court has considered the parties' arguments and has conducted its own review of the record. The Court notes that this case was pending for over 5 months before the parties notified the Court of their settlement and that Defendants filed two motions requiring a response from Plaintiffs: (1) a Motion to Stay the Case Pending Suggestion of Bankruptcy, DE 11, and (2) a Motion to Dismiss. DE 22. The Court further notes that Plaintiffs will receive the entirety of what they sought in their statement of claims as a result of the Settlement Agreement. *Compare* DE 24-1 (Plaintiff Friona's statement of claims, which sought $1,189.20 in unpaid wages and liquidated damages); DE 24-2 (Plaintiff Reynolds' statement of claims, which sought $1,884 in unpaid wages and liquidated damages); DE 24-3 (Plaintiff Occean's statement of claims, which sought $1,008 in unpaid wages and liquidated damages), *with* DE 47-1 (Settlement Agreement where Plaintiff Friona will receive $1,189.20, Plaintiff Reynolds will receive $1,884, and Plaintiff Occean will receive $1,008). Consequently, the Court has no reason to believe that the settlement is a product of fraud or collusion. Accordingly, the Court concludes that the application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Court now turns to the provisions of the Settlement Agreement. The Settlement Agreement contains a mutual general release, DE 47-1 at 1, and some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). However, because the general release here is mutual insofar as both parties are releasing any possible claims they have against each other, the Court concludes that the mutual general release is fair and reasonable.

The Settlement Agreement also contains a mutual confidentiality clause requiring the parties to keep the facts and terms of the Settlement Agreement strictly confidential.  DE 47-1 at 2.  Courts often decline to approve confidentiality clauses in FLSA settlement agreements. *E.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (stating that a confidentiality provision in an FLSA settlement agreement "thwarts Congress's intent to ensure widespread compliance with the statute" by "silencing the employee who has vindicated a disputed FLSA right"). However, given that the Settlement Agreement is filed in the record and publicly available, the Court approves the mutual confidentiality clause. *See King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064-CIV, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (describing a confidentiality clause in an FLSA settlement agreement as being "essentially irrelevant" once the settlement agreement is filed in the public record (quotation marks omitted)).

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). As part of the Settlement Agreement, Plaintiffs' counsel will receive $10,918.80 for fees and costs. DE 47-1 at 2. The parties state that they negotiated Plaintiffs' counsel's payment separate and apart from Plaintiffs' recovery. DE 47 at 5–6. Plaintiffs' counsel attached billing records to the Joint Motion, and these records reflect costs of $513 and fees of $18,993.00 for 46.2 hours of work at a rate of $400 per hour. DE 47-2 at 5.

In the past, this Court has only recommended and found an hourly rate of $375 to be reasonable for Plaintiffs' counsel, Mr. Kozolchyk. *See, e.g.*, *Santiago v. Peacock's 17, LLC*, No.

4

0:22-CV-62272, 2024 WL 582880, at *3 (S.D. Fla. Jan. 29, 2024) ("The Court recommends that $375 is a reasonable hourly rate for Plaintiff's counsel for this case."), *report and recommendation approved*, No. 22-CV-62272, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024). The Court still finds this hourly rate to be reasonable for Plaintiffs' counsel. Utilizing this hourly rate here based on the proposed $10,918.80 payment to Plaintiffs' counsel equates to a payment for roughly 29.1 hours expended by Plaintiffs' counsel at an hourly rate of $375. Given the 5-month duration of this case, the three Plaintiffs involved, and the two motions filed by Defendants, the Court concludes that 29.1 hours of work by Plaintiffs' counsel is in keeping with the demands of this case and the juncture at which the case settled. Accordingly, the Court concludes that the $10,918.80 payment to be made to Plaintiffs' counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as an acknowledgement of having read the Settlement Agreement, a severability clause, and a choice-of-law provision. *See* DE 47-1 at 2–3. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Lastly, as part of the Settlement Agreement and the parties' Joint Motion, the parties request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. *Id.* at 3; DE 47 at 6 ("[T]he Parties jointly request that the Court approve the parties' settlement and dismiss this action with prejudice, expressly conditioned on this Court's reservation of jurisdiction to enforce the settlement terms."). Because the parties do not provide a set amount of time for the Court to retain jurisdiction, it would appear they are requesting for an indefinite retention of jurisdiction to enforce the Settlement Agreement. The Court does not recommend an indefinite retention of jurisdiction to enforce the Settlement Agreement but leaves the matter to the District Court's discretion to determine whether and for how long to retain jurisdiction.

Accordingly, the Court recommends that the parties' Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice [DE 47] be **GRANTED** and that the Settlement Agreement [DE 47-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 17th day of June, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE